IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY L. DORIOT,

                Plaintiff,        Case No. 3:11 cv 1648

  -vs-

                                        O R D E R

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

KATZ, J.

      The attorney for Plaintiff has filed a motion for attorney's fees and a memorandum in support thereof. (Doc. No. 18). The Government has filed a response in opposition (Doc. No. 20) and counsel for Plaintiff, Joan H. Rife, has filed a reply (Doc. No. 21).

      This matter came before this Court originally on a claim for disability of the Plaintiff after the same had been rejected by the Commissioner of Social Security ("Commissioner"). The Court found that the position of the Plaintiff required the matter to be remanded to the Commissioner (Order, Aug 29, 2012). On remand, the Administrative Law Judge issued a notice of decision on April 26, 2013 which granted Plaintiff the disability benefits he had sought. Those benefits totaled $119,210.90.

      Counsel had a fee agreement which entitled her to 25% of the amount awarded or $29,802.73, which amount has been withheld by the Commissioner toward payment of an attorney fee to Ms. Rife. She now seeks approval from this Court for attorney fees in the amount of $12,729.60 for 22.10 hours of of chargeable time, equating to approximately $576 per hour, or 10.678% of the total amount awarded by the Commissioner.

      The memorandum filed by the Commissioner indicates that Plaintiff applied for benefits in July, 2007; "Thus, the size of Plaintiff's past-due benefits 'were generated through nothing other

than delay'". Citing *Thatch v. Commissioner v. Comm'r of Soc. Sec.*, 2012 WL 2885432 at *10. The memoranda filed in this matter with respect to the motion for fees contained a multiplicity of cases in which it is clear that this Court has the right to award attorney's fees in a wide range of hourly rates for a wide number of reasons including, but not limited to, the contingent fee agreement and a "reasonable hourly rate". This Court has previously held that approximately $350 per hour can be deemed a reasonable rate and other courts in this district have adopted that same or similar figure. In the instant matter this Court will take the unusual position that an award of $8,800 or approximately $400 per hour is a reasonable hourly rate under the circumstances of this case and will compensate the applicant for the many years devoted to this matter.

Therefore, the Court will award legal fees to Joan H. Rife in the amount of $8,800.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE